OPINION OF THE COURT

STAPLETON, Circuit Judge:
Appellant David Czapinski filed this case against his employer, Iron City Industrial Cleaning Corp. (“Iron City”), alleging violations of the Americans With Disabilities Act (“ADA”), the Age Discrimination In Employment Act (“ADEA”), and the Pennsylvania Human Relations Act (“PHRA”). Czapinski appeals from a summary judgment entered in favor of Iron City.
Because we write solely for the parties, we will assume familiarity with the record and the proceedings in the District Court. We will affirm essentially for the reasons set forth in the Report and Recommendations adopted by the District Court as its opinion.
I.
In order to make out a prima facie case under the ADA or the PHRA, the plaintiff must tender evidence which, if credited, would establish that he has a “disability” within the meaning of the ADA. The ADA defines “disability” as a physical or mental impairment that substantially limits a major life activity. Czapinski insists that he tendered evidence to the District Court supporting a finding that he has a physical impairment that substantially limits the major life activities of lifting and working. With respect to the major life activity of working, the Secretary’s regulations provide that:
[t]he term [^substantially limits!’] means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.
29 C.F.R. 1630.2(j)(S)(i) (emphasis added).
Czapinski argues that a genuine issue of material fact exists as to whether he is substantially limited in his ability to lift and perform truck duties. As he points out, the record establishes that he is subject to lifting restrictions and that he has been ordered by his treating physicians not to return to truck duty. However, his evidence, viewed in the light most favorable to him, would not support a finding that he was “disabled” within the meaning of the ADA. The lifting restriction reflected in this record “does not render him sufficiently different from the general population such that he is substantially limited in his ability to lift.” Marinelli v. City of Erie, 216 F.3d 354, 364 (3d Cir.2000). Nor will this record support a finding that Czapinski’s inability to perform his truck duties rendered him unable to perform either a class of jobs or a broad range of jobs in various classes compared to the average person having comparable training, skills, and abilities. Ibid.
II.
The District Court held that Czapinski was unable to establish a prima facie case under the ADEA because he was unable to show that he was qualified for the position he held prior to termination. Citing Detz v. Greiner Industries, Inc., 346 F.3d 109 (3d Cir.2003), the District Court reasoned as follows:
Here, Plaintiff is bound by judicial admissions that he was unable to perform his former job responsibilities because they required “heavy lifting on a regular *635 basis.” See discussions supra. In appealing before the Worker’s Compensation Judge, Plaintiffs purpose, by definition, was to convince the Judge he was unable to engage in his prior work due to a vocation-related injury. Plaintiff “succeeded in convincing the [Judge] that his physical limitations actually prevented him from continuing” his job, and these circumstances preclude a demonstration by Plaintiff that he was “qualified” to perform his former positions under the ADEA.
App. at 15. The District Court correctly concluded that our decision in Detz required the conclusion it reached.
III.
The judgment of the District Court will be affirmed.